# Eight Circuit Court of Appeals

## Notice of Appeal Packet - Table of Contents


| | |
|---|---|
| Document 061.0 | 1 |
| Document 062.0 | 3 |
| Document 075.0 | 4 |
| Document 080.0 | 10 |
| Document 086.0 | 12 |
| Document 087.0 | 13 |
| Document 088.0 | 22 |

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Keith D. Nelson, | | ) |
| | Movant, | ) |
| vs. | | ) No. 04-8005-CV-W-FJG |
| | | ) Crim. No. 99-0303-01-CR-W-FJG |
| United States of America, | | ) |
| | Respondent. | ) |

**ORDER**

Movant entered a guilty plea on October 25, 2001, and was sentenced to death on March 11, 2002. He timely filed an appeal to the Eighth Circuit Court of Appeals who subsequently issued an opinion and mandate (Doc. #475) affirming the judgement of the District Court.

Now pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #25), filed November 6, 2005, and motion to disqualify and recuse judge (Doc. #53), filed August 21, 2006. The Court finds that it has jurisdiction over this matter.

Movant's motion pursuant to 28 U.S.C. § 2255 (Doc. #25) to vacate the conviction and sentence imposed is hereby denied for the following reasons.

The reasons movant alleges are not meritorious and not supported by the record. The claims of ineffective assistance of trial and appellate counsel fall within the broad perimeters of trial strategy. Lockhart v. Fretwell, 506 U.S. 364 (1993). Movant's decision not to make himself available for examination by the government's mental health experts precluded the use of his mental health experts. That was a decision movant made with knowledge of the consequences. The record is clear on that point and set forth in this Court's order (Doc. #403), filed November 19, 2001. While the government has requested that movant's trial and appellate counsel submit affidavits or to a hearing to further explain their reasons for this strategy, this Court finds no further record is necessary. In all of the other respects, the Court finds the government's legal

analysis provided in opposition to the movant's motion pursuant to 28 U.S.C. § 2255 (Doc. #39) to be a thorough and accurate analysis of movant's argument and adopts it by reference hereto.

Further, the movant's motion to disqualify and recuse (Doc. #53) is hereby denied. The government's response to that motion (Doc. #56) succinctly states this Court's position. The Court adopts the government's legal analysis as its own and incorporates same by reference hereto. Since the movant was unable to raise legally sufficient arguments in this 28 U.S.C. § 2255 motion (Doc. #25), by this recusal argument he seeks an end-run to get a new trial in this matter.

Movant received a fair trial. He had the benefit of trial and appellate counsel, skilled in representing persons charged with capital offenses. I know of no trial which is error free however, there were no errors in movant's trial requiring a reversal or resentence.

**JUDGMENT**

Upon review of movant's 28 U.S.C. § 2255 motion (Doc. # 25) and the government's response (Doc. #39), the Court hereby denies movant's request to vacate, set aside or correct the sentence herein. The Court also denies movant's motion to disqualify (Doc. #53). This Court believes that the arguments set forth by the respondent (Docs. #39, #56) present a thorough legal and factual analysis and adopts respondent's analysis and conclusions as its own by reference hereto.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #25), filed November 6, 2005, and motion to disqualify (Doc. #53), filed August 21, 2006, are denied.

The Court further finds that the issues presented by movant are resolvable by the record and, therefore, no evidentiary hearing will be granted.

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: November 21, 2006
Kansas City, Missouri

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Keith D. Nelson, | | ) |
| | Movant, | ) |
| vs. | | ) No. 04-8005-CV-W-FJG |
| | | ) Crim. No. 99-0303-01-CR-W-FJG |
| United States of America, | | ) |
| | Respondent. | ) |

**JUDGMENT IN A CIVIL CASE**

____ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_X_ **Decision by Court.** This action came before the Court. The issues have been determined and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that

movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #25), filed November 6, 2005, and motion to disqualify (Doc. #53), filed August 21, 2006, are denied.

The Court further finds that the issues presented by movant are resolvable by the record and, therefore, no evidentiary hearing will be granted.

November 21, 2006
Date

Patricia L. Brune
Clerk

**/s/ Rhonda Enss**
(by) Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KEITH D. NELSON,<br>Petitioner, | ) | |
| | ) | |
| vs. | ) | 4:04-CV-8005-FJG |
| | ) | |
| UNITED STATES OF AMERICA,<br>Respondent. | ) | |

## ORDER

Currently pending before the Court is petitioner's Motion for Relief Pursuant to Fed.R.Civ.P. 59 (Doc. # 63).

### I. BACKGROUND

On November 21, 2006, the Court denied petitioner's Motion to disqualify and recuse and petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Petitioner has now filed a Motion pursuant to Fed.R.Civ.P. 59 requesting that the Court vacate the judgment and take testimony regarding the allegations presented in the petition. Petitioner states that had the Court conducted an evidentiary hearing, he would have called the following witnesses to testify: 1) Patrick Berrigan, trial counsel; 2) Susan Hunt, trial and appellate counsel; 3) Jennifer Herndon, appellate counsel; 4) Daniel Foster, psychologist who evaluated petitioner before the trial; 5) Tena Francis, mitigation specialist; 6) Deborah Haddid, investigator who worked for Ms. Francis; 7) Jill Miller, mitigation investigator and 8) Michael Gelbort, neuropsychologist who examined petitioner in 2005. Petitioner states that many of the claims presented in his § 2255 motion focused on matters which his counsel failed to

pursue and thus this Court can assign no tactical judgment to those decisions without hearing from counsel. Additionally, petitioner states that no mental health evidence was presented at his trial and this was the result of failings by his counsel. Petitioner states that this was an area that he and his counsel were prepared to develop at the evidentiary hearing. Petitioner states that "[i]t is the heart of this application that Petitioner's trial counsel could not have made a reasonable tactical judgment not to offer the results of a neuropsychological evaluation, or other mental-health evaluations, without having conducted such evaluations in a timely fashion or, indeed, at all. Similarly, in the absence of a complete mitigation investigation, Movants' trial counsel could not have made reasonable tactical judgments about the scope and nature of the case in mitigation that would be presented." (Motion for Relief, pp. 14-15).

The Government states in response that petitioner received constitutionally effective representation at his trial and on appeal. The Government notes that extensive mitigation evidence was presented and that petitioner was represented by two very experienced trial attorneys who specialized in the field of capital litigation and criminal defense work. The Government also notes that petitioner was well represented by experienced counsel during his appeal as well. With regard to the issue of mental health, the Government notes that trial counsel and petitioner made a strategic decision not to present a mental health defense because they did not want petitioner to be subjected to the government's mental health experts. The Government also notes that trial counsel did consult with mental health experts and petitioner met with Dr. Foster, a mental health expert, prior to the beginning of trial. A record of petitioner's mental health was also made during petitioner's guilty plea on October 25, 2001.

## II. STANDARD

> A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. . . . It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment. . . . District courts have broad discretion when deciding whether or not to grant a motion to amend judgment.

In re General Motors Corp. Anti-Lock Brake Products Liability Litigation, 174 F.R.D. 444, 446 (E.D.Mo. 1997), aff'd sub nom. Briehl v. General Motors Corp., 172 F.3d 623 (8th Cir. 1999)(citations and internal quotations omitted). See also, Peters v. General Service Bureau, Inc., 277 F.3d 1051,1057 (8th Cir. 2002)("Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion.").

28 U.S.C. § 2255 states in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

"A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Baranski v. U.S., No. 4:05CV657 CAS, 2006 WL 472451, *3 (E.D.Mo. Feb. 27, 2006)(internal citations and quotations omitted).

## III. DISCUSSION

The Court does not believe that there were any errors or law or fact which require that the judgment entered on November 21, 2006 be altered or amended. The Court reviewed the extensive briefing provided by the parties on the § 2255 motion and additionally had the benefit of viewing the trial proceedings firsthand. As was noted in the Order, petitioner's claims of ineffective assistance of trial and appellate counsel fall within the broad parameters of trial strategy. To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at 2065-66. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. Additionally, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

This is not a case where petitioner's trial counsel failed to develop any mitigation evidence or call any mitigation witnesses. The Government in its Suggestions in Opposition to petitioner's § 2255 motion, outlined the extensive mitigation evidence that was presented during the trial. (Doc. # 39, pp. 13-19). Petitioner's counsel called petitioner's mother, Nancy Nelson, Mary Smith, Nelson's aunt, Georganna Romero, another aunt, Irene Wood, a family friend, Melvin Lister, a prison guard, Lt. Bruce Roberts, a prison guard, Kenneth Nelson, Keith Nelson's brother, David Cunningham, Nelson's former employer, Steve Nelson, another brother of Keith Nelson, Gene

Thompson, a former landlord for the Nelson family, Rhonda Monroe, a former babysitter, Jennifer Monroe, daughter of Rhonda Monroe who babysat the Nelson boys, Ellen Crutsinger, former teacher, Michael Griffith, former neighbor and Homer Dear, former school principal. In addition to these witnesses, petitioner's counsel called Mark Cunningham who testified about the effect of childhood abuse and neglect on Nelson's character and development.

Petitioner argues that additional mitigation evidence could have been developed and that mental health testing and evaluations should have been conducted and presented to the jury. However, as the Court noted previously, petitioner decided that he did not want to make himself available for examination by the government's mental health experts. Thus, this precluded the use of petitioner's mental health experts. With regard to the mitigation evidence, there were undoubtably more witnesses that could have been located and called to testify. In hindsight it is easy to second guess and argue that more should have been done, more witnesses called, more evidence presented. However, the reality is that there is a limit on both time and money, even in capital proceedings. The Court finds that petitioner's counsels' conduct did not fall below an objective standard of reasonableness. He was represented by two very experienced counsel who had specific experience in capital cases. Therefore, the Court does not find that petitioner has met the requirements of Strickland. Thus, because the Court finds that the records and file conclusively show that petitioner is entitled to no relief, the Court found that no hearing was necessary on petitioner's motion. The Court finds that petitioner has presented no reason in his Rule 59 motion to alter that conclusion.

**IV. CONCLUSION**

Accordingly, for the reasons stated above, the Court hereby **DENIES** petitioner's

Motion for Relief Pursuant to Fed.R.Civ.P. 59 (Doc. # 63).

Date: 4/13/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

C:\Case Files\Nelson\Post-judgment\Notice of appeal 06-10-2007.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | : | |
| Movant, | : | |
| vs. | : | 4:04-cv-8005(JFG) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

NOTICE OF APPEAL

PLEASE TAKE NOTICE that Movant, Keith D. Nelson, by his undersigned counsel, hereby appeals to the United States Court of Appeals for the Eighth Circuit from the decision of the district court, Hon. Fernando F. Gaitan, Jr., Chief Judge, entered on November 21, 2006, denying a motion brought pursuant to 28 U.S.C. § 2255 to set aside Movant's conviction and sentence of death, and of the order entered on April 13, 2007, denying Movant's motion pursuant to F.R.Civ.P. 59 seeking a new trial or other appropriate relief. A motion for a certificate of appealability has been filed with the district court on this date.

. Respectfully submitted,

/s/ Gary E. Brotherton
Gary E. Brotherton
2102 Chapel Plaza Court, Suite 13
Columbia, MO 65202-3381
(573)875-1571
(573)875-1572
gebrotherton@legalwritesllc.com
Co-counsel to Movant, Keith Nelson

/s/ David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000
(973)746-1490 (fax)
davidruhnke@ruhnkeandbarrett.com
Co-counsel to Movant, Keith Nelson

CERTIFICATE OF SERVICE

On today's date, the undersigned counsel served this notice upon the United States by filing via ECF.

/s/ David A. Ruhnke
DAVID A. RUHNKE

Electronically filed: Kansas City Missouri
June 10, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KEITH D. NELSON,<br>Petitioner, | ) ) ) | |
| vs. | ) | 4:04-CV-8005-FJG |
| UNITED STATES OF AMERICA,<br>Respondent. | ) ) ) | |

**ORDER**

Currently pending before the Court is movant's Motion for a Certificate of Appealability (Doc. # 79). Movant seeks leave to appeal all issues presented in his § 2255 motion and also the Court's denial of his Motion to Recuse and the denial of his Motions for Additional Funding of Expert and Investigative Services. For the reasons stated in the Court's Ex Parte Order[1] filed this same date, the Court hereby **DENIES** Nelson's Motion for a Certificate of Appealability (Doc. # 79).

Date: September 4, 2007
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

[1]A more detailed Order denying the Motion was filed under seal as it discusses funding requests for expert and investigative services which were also filed under seal.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KEITH D. NELSON, Petitioner, | ) | |
| vs. | ) | 4:04-CV-8005-FJG |
| UNITED STATES OF AMERICA, Respondent. | ) | |

**ORDER**

Currently pending before the Court is movant's Motion for a Certificate of Appealability (Doc. # 79). Movant seeks leave to appeal all issues presented in his § 2255 motion and also the Court's denial of his Motion to Recuse and the denial of his Motions for Additional Funding of Expert and Investigative Services.

**I. BACKGROUND**

On October 14, 1999, Keith Nelson was charged with interstate kidnapping resulting in death and interstate travel with intent to engage in a sexual act with a child under the age of twelve. On October 25, 2001, Nelson entered a plea of guilty to count one and proceeded to the penalty phase of the trial. On November 13, 2001, a jury was selected and trial began the following day. On November 28, 2001, the jury recommended imposition of the death penalty. On December 18, 2001, Nelson filed a Motion for a New Trial. On February 28, 2002, this Court denied Nelson's Motion for New Trial. On March 11, 2002, the Court imposed a sentence of death. Nelson filed a Notice of Appeal to the Eighth Circuit. On October 22, 2003, the Court of Appeals affirmed the conviction and sentence. The United States Supreme Court denied

Nelson's petition for certiorari review on November 8, 2004. On November 10, 2004, Nelson filed a motion seeking appointment of counsel to represent him in connection with his post-conviction challenges. Counsel was appointed on December 14, 2004 and Nelson filed a § 2255 motion to set aside his conviction and sentence of death on November 6, 2005. On August 21, 2006, Nelson filed a motion to disqualify this Court from further participation in the case. On November 21, 2006, this Court denied Nelson's motion to disqualify and recuse and also denied Nelson's § 2255 motion to vacate, set aside or correct his sentence. On December 5, 2006, Nelson filed a Motion for Relief pursuant to Fed.R.Civ.P. 59. On April 13, 2007, this Court denied that motion. Nelson has now filed the instant motion for a Certificate of Appealability on the following four issues: 1) Whether the trial court correctly decided the ineffective assistance of counsel question or alternatively whether a hearing should have been held; 2) Constitutional Adequacy of Movant's Appellate Counsel; 3) Court's Denial of Recusal Motion and 4) Court's Unwillingness to Adequately Fund Efforts to Establish the Claims of Ineffective Assistance of Counsel.

## II. DISCUSSION

### A. Standard

28 U.S.C. § 2253(c)(2) states that a certificate of appealability ("COA") may issue under paragraph (1) only if "the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the Supreme Court stated:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Id. at 484. In Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), the Supreme Court explained:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S., at 484, 120 S.Ct. 1595.

Id. 537 U.S. at 338, 123 S.Ct. at 1040.

With this standard in mind, the Court will examine the four issues on which Nelson seeks a Certificate of Appealability.

**B. Whether the Court correctly decided the issues of ineffective assistance of trial counsel or alternatively whether a hearing should have been conducted regarding those claims.**

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. Id. 466 U.S. at 689, 104 S.Ct. at 2065-66. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. Additionally, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

This is not a case where petitioner's trial counsel failed to develop any mitigation

evidence or call any mitigation witnesses. Petitioner's counsel called petitioner's mother, Nancy Nelson, Mary Smith, Nelson's aunt, Georganna Romero, another aunt, Irene Wood, a family friend, Melvin Lister, a prison guard, Lt. Bruce Roberts, a prison guard, Kenneth Nelson, Keith Nelson's brother, David Cunningham, Nelson's former employer, Steve Nelson, another brother of Keith Nelson, Gene Thompson, a former landlord for the Nelson family, Rhonda Monroe, a former babysitter, Jennifer Monroe, daughter of Rhonda Monroe who babysat the Nelson boys, Ellen Crutsinger, former teacher, Michael Griffith, former neighbor and Homer Dear, former school principal. In addition to these witnesses, petitioner's counsel called Mark Cunningham who testified about the effect of childhood abuse and neglect on Nelson's character and development.

Petitioner argues that additional mitigation evidence could have been developed and that mental health testing and evaluations should have been conducted and presented to the jury. However, as the Court noted previously, petitioner decided that he did not want to make himself available for examination by the government's mental health experts. Thus, this precluded the use of petitioner's mental health experts. With regard to the mitigation evidence, there were undoubtably more witnesses that could have been located and called to testify. As previously noted, it is easy to second guess and argue that more should have been done, more witnesses called, more evidence presented. However, the reality is that there is a limit on both time and money, even in capital proceedings. The Court finds that petitioner's counsels' conduct did not fall below an objective standard of reasonableness. He was represented by two very experienced counsel who had specific experience in capital cases. Therefore, the Court does not find that petitioner has met the requirements of Strickland. Thus, because the Court finds that the records and file conclusively show that petitioner is entitled to no relief, the Court

found that no hearing was necessary on petitioner's motion. The Court therefore does not find that reasonable jurists would find this issue debatable. Accordingly, the Court will not issue a Certificate of Appealability on this issue.

**C. The Constitutional Adequacy of Movant's Appellate Counsel.**

In determining whether counsel performed effectively on appeal, the Strickland test applies. Nelson must show both that counsel's representation fell below an objective standard of reasonableness and that the deficiencies prejudiced him. Nelson stated that at the time his brief was prepared, neither of his appellate counsel had conducted an adequate review of the record or the applicable law in order to determine which issues should be presented on his behalf. Additionally, Nelson argues that his counsel failed to brief several issues which undercut confidence in the reliability of the outcome. The Government argues that Nelson was represented by experienced counsel at the appellate level and states that their performance never fell below an objective standard of reasonableness.

The Court does not find that Nelson's appellate counsel was deficient or that this is an issue on which reasonable jurists would disagree. Nelson was represented by experienced appellate counsel, one of whom also served as his trial counsel. In Link v. Luebbers, 469 F.3d 1197 (8th Cir. 2006), the Court stated:

> When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. . . . Because one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue. . . . "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746 (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1986)).

Id. at 1205 (internal citations omitted). In the instant case, Nelson has not shown that the arguments which counsel failed to present were significantly stronger or that it is likely that if those arguments were presented, the outcome of the appeal would have been different. Accordingly, the Court declines to issue a Certificate of Appealability on this issue.

**D. The Court's Denial of the Recusal Motion**

Nelson argues that in the fall of 2005, his counsel requested funding for expert and investigative assistance. In February 2006, the Court denied three of those funding requests. The Order stated that the requests were being denied because the Court did not agree with the assertions therein and that counsel was attempting to vilify trial counsel's judgment on trial strategy. The Court also noted that the resources requested were not likely to lead to a different result. Nelson argues that this Order reveals judicial bias and reflected hostility to the efforts of Nelson's present counsel and to the merits of the litigation.

28 U.S.C. § 455 states in part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings . . .

In Liteky v. U.S., 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), the Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves ( *i.e.,* apart from surrounding

> comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 555. In the instant case, the Court does not find that the statements made in the Order display a "high degree of favoritism or antagonism" such as would make a fair judgment impossible. This Court has been involved with the defendant's case since it was initially filed on October 14, 1999. The Court's comments in the Order were based upon this Court's experience and involvement in the trial proceedings. The comments in the Order were made as a result of this Court's long involvement with this case and a recognition that there are limits which must be placed on requests for funding. The Court does not find that this issue would be debatable among reasonable jurists. Accordingly, the Court declines to issue a Certificate of Appealability on this issue.

**E. The Court's Unwillingness to Adequately Fund Efforts to Establish the Claims of Ineffective Assistance of Counsel**

Nelson argues that a Certificate of Appealability should issue with regard to the Court's denial of the three funding requests made in the fall of 2005, for: 1) funding of additional hours for the services of a mitigation specialist; 2) funding for the services of a clinical forensic psychologist and 3) funding for an attorney to evaluate trial counsel's representation and potentially to testify as an expert in the trial and preparation of capital

cases. The Court also denied Nelson's motion for additional funding for a specialist in Fetal Alcohol Spectrum Disorders. Nelson argues that the denial of this funding was a denial of due process of law and equal protection and violated his entitlement to a full and fair hearing.

The Court does not agree. The services requested above were not the only funding requests which Nelson presented to this Court. On August 30, 2005, the Court granted Nelson's motion for expert and investigative services of $7,500 for a neuropsychological examination and $7,500 plus travel expenses for a mitigation expert. Additionally, the Court also granted a request for up to 200 hours of paralegal services. On July 11, 2006, the Court approved Nelson' request for a private investigator in an amount not to exceed $2,400.00. The Court also approved the appointment of an expert in Fetal Alcohol Spectrum Disorders for a period of time not to exceed 20 hours or $4,500.00. Thus, contrary to Nelson's assertion, this Court authorized the expenditure of up to $21,900.00 for expert and investigative services.

18 U.S.C. § 3599(g)(2) states:

> Fees and expenses paid for investigative, expert and other reasonably necessary services authorized under subsection (f) shall not exceed $7,500 in any case, unless payment in excess of that limit is certified by the court . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess is approved by the chief judge of the circuit.

Thus, contrary to counsel's assertion, funding for expert and investigative services has a limit, even in capital proceedings. The Court finds that no reasonable jurist would disagree that the denial of petitioner's additional funding requests was justified. Accordingly, the Court hereby declines to issue a Certificate of Appealability on this issue.

## III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Nelson's Motion for a Certificate of Appealability (Doc. # 79).

Date: September 4, 2007
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOTICE OF APPEAL SUPPLEMENT

# MISSOURI WESTERN DISTRICT - **KANSAS CITY**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

Case Caption: Nelson v. USA

Case No. 04-cv-08005-FJG

Appellant: Keith D Nelson

Appellee: USA

Appellant's Attorney(s):

David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042
(973) 744-1000
Fax: (973) 746-1490
Email: davidruhnke@ruhnkeandbarrett.com

Appellee's Attorney(s):

Matt Jeffrey Whitworth
United States Attorney's Office
400 E. 9th Street
5th Floor
Kansas City, MO 64106
(816)426-4122
Fax: (816)426-4210
Email: matt.whitworth@usdoj.gov

Court Reporter(s):

None

Please return files and documents to:
**United States District Court**
**400 East 9th Street, Room 1510**
**Kansas City, MO 64106**

Contact Person for Appeal:
**Willie Crespo** 816-512-5068

Length of Trial: 0 | Fee: Waived | IFP: No | Pending IFP Motion: No

Counsel: CJA | Pending Motions? No | Local Interest? **No** | Simultaneous Release? **No**

**Special Comments:**