RUHNKE & BARRETT

ATTORNEYS AT LAW

DAVID A. RUHNKE
MEMBER N.J. AND NEW YORK BARS
davidruhnke@ruhnkeandbarrett.com
JEAN DeSALES BARRETT
MEMBER N.J., NEW YORK AND COLORADO BARS
jeanbarrett@ruhnkeandbarrett.com

47 PARK STREET
MONTCLAIR, NEW JERSEY 07042

(973)744-1000
(973)746-1490 (FAX)

November 3, 2007

Via ECF
Michael E. Gans, Clerk of Court
United States Court of Appeals
for the Eighth Circuit
Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

Re: *Keith Nelson v. United States*,
07-3071

Dear Mr. Gans:

I am writing, respectfully, to seek additional time within which to file the motion for a certificate of appealability in this case. At present, the motion is due to be filed no later than November 7, 2007. By this letter-motion I seek an extension of time of 19 days to and including November 26, 2007. (The 19-day request is specifically intended to allow me the weekend of November 17 and 18, and the extended Thanksgiving holiday that proceeds that weekend, in which to complete the COA motion.) The United States had previously consented to an extension to and including December 10, 2007.

From October 1 through October 23, as stated in my first request for an extension, I was engaged, as court-appointed counsel, in a non-capital murder trial in the Southern District of New York. That case, *United States v. Chen*, 03-cr-00734 (DAB), concluded on October 23. During days off in that case, I traveled to and from Portland, Oregon, in order to keep a longstanding teaching commitment at a death-penalty conference hosted by the Oregon Criminal Defense Lawyers Association. On October 15 and 16 I traveled to and from San Juan, Puerto Rico for a status conference, and other case-related business, in a

potential federal capital case in the District of Puerto Rico, *United States v. Felix Alberto Castro-Davis*, 07-00186 (JAF). I am court-appointed in that case, serving as "learned counsel" pursuant to 18 U.S.C. § 3005. I returned from Puerto Rico Tuesday evening and, as noted, resumed trial in the Southern District of New York on Thursday morning, October 18.

While I have been able to devote significant time to this matter in the past ten days or so, and have made substantial progress on the motion, the current deadline, because of longstanding committments, will be very difficult to meet. On Monday morning, November 5, I must again travel to Puerto Rico. The First Circuit has scheduled oral argument in San Juan for Tuesday November 6 in another federal capital case in which I am involved in the District of Puerto Rico as court-appointed "learned counsel." In that case, *United States v. Lopez-Matias, et al.*, the Chief Judge of the District of Puerto Rico dismissed the death-notice and the government appealed. The case is docketed in the First Circuit as 07-1662. While I am in San Juan, I am required also to attend a status conference in the other capital case in which I am counsel (*Castro-Davis*) as well as a court-ordered deposition of certain officers of the Police of Puerto Rico, the agency which conducted the initial investigation in that case. On Wednesday, November 7 (the day the motion in *Nelson* is presently due), I have meetings scheduled with co-counsel in *Castro-Davis* to discuss our presentation at the Capital Case Committee at the Department of Justice on November 13 in Washington, D.C. I return from Puerto Rico late in the evening of November 7. The following afternoon (November 8) I travel to Baltimore for a three-day meeting of attorneys from all over the country involved in the defense of federal capital cases. I am scheduled to make several presentations at that conference. I return from that conference on November 11 and, as noted, on November 13 travel to Washington for a presentation at the Justice Department with regard to the *Castro-Davis* matter. On November 14, I travel to Richmond, Virginia to teach at a capital case seminar sponsored by the Virginia Bar Association. I return from that seminar on November 16. Fortunately, at that point my schedule calms down considerably and I can return my attention to this matter.

My co-counsel in this case, Gary E. Brotherton, is under deadline pressure in several cases and has not been able to offer his assistance in this case. I have, however, drawn on other counsel for input and assistance though the Federal Death Penalty Resource Counsel Project.

Your attention to this matter is greatly appreciated. I'd like to emphasize, respectfully, that the request for the November 26 date is not a negotiating tactic where I ask for 19 days in the hope of getting ten. The November 26 date is the date by which I realistically expect

to be able to complete this motion. My initial request for 90 days – to and including December 10, 2007 – was premised, in part, on my awareness of the difficult nature of my schedule through October and November. The Court's patience and understanding is appreciated.

Very truly yours,

/s/ David A. Ruhnke

David A. Ruhnke

C:\Case Files\Nelson\CA8\Clerk of court re COA date 11-04-2007.wpd

cc: Matt J. Whitworth, A.U.S.A. (via ECF)
Gary E. Brotherton (via ECF)
Keith Nelson