# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No 07-03071

---

KEITH D. NELSON,

Appellant,

vs.

UNITED STATES OF AMERICA,

Appellee.

---

## MOTION BY APPELLANT, *NUNC PRO TUNC*, FOR THE APPOINTMENT AND COMPENSATION OF COUNSEL

**(DEATH PENALTY CASE)**

Appellant, Keith D. Nelson, hereby moves before the United States Court of Appeals for the Eighth Circuit, for the appointment and compensation of his appellate counsel, *nunc pro tunc* to September 7, 2007. This matter has now been heard by a panel of this Court on appellant's motion for a certificate of appealability ("COA") pursuant to 28 U.S.C. 2253(c)(1)(B) and remanded to the district court. This Court's formal mandate issued on December 19, 2008. The COA was sought (and granted, in part) to allow appellate review of the decision of the United States District Court for

the Western District of Missouri, Hon. Fernando J. Gaitan, Jr., U.S.D.J., denying, Appellant's motion for relief pursuant to 28 U.S.C. § 2255, thus affirming Appellant's sentence of death. The district court had declined to issue a COA as to any issue. It is counsel's understanding that this Court's practice is not to act on the appointment of counsel until the issue of a COA is decided. In support of the present application, Appellant sets forth the following.

1. The judgment of conviction and sentence of death which were the subject of the COA motion were entered in the United States District Court for the Western District of Missouri. The case was docketed as *United States v. Keith D. Nelson*, 4:99-cr-00303-FJG. Appellant was charged in count one of a two-count indictment with the interstate kidnapping and murder of 10-year old Pamela Butler. 18 U.S.C. § 1201. Count two alleged aggravated sexual assault. 18 U.S.C. § 2241. The government sought the death penalty. On October 25, 2001, Appellant entered a plea of guilty to count one of the indictment. The government agreed, in return for the plea of guilty, to dismiss count two at the conclusion of the proceedings. A jury was thereafter empaneled, in a single day, solely for the purpose of deciding penalty. On November 28, 2001, after uncommonly brief deliberations (two hours and five minutes), the jury recommended imposition of a sentence of death. Judgment was imposed in accordance with the jury's verdict on March 12, 2002, and Appellant was sentenced to death. At



Appellate Case: 07-3071 Page: 2 Date Filed: 01/14/2009 Entry ID: 3507423

the time of sentencing, count two of the indictment was dismissed on motion of the government.

2. Appellant appealed his conviction and sentence to this Court, which affirmed. *United States v. Nelson*, 347 F.3d 701 (8th Cir. 2003). The Supreme Court denied *certiorari* review. *Nelson v. United States*, 125 S.Ct. 486 (2004).

3. On December 14, 2004, the district court appointed the undersigned counsel for the purposes of developing evidence and argument as to why Appellant's conviction and/or sentence of death should be vacated pursuant to 28 U.S.C. § 2255. The 2255 motion was filed on November 6, 2005. On November 21, 2006, the district court entered a two-page order denying the 2255 motion. In the same order the district court denied a motion for recusal that had been filed with Appellant's reply to the government's answer to the 2255 petition.

4. On December 5, 2006, Appellant moved to set aside the judgment, and for other relief, pursuant to F.R.CIV.P. 59. The district court denied the motion on April 13, 2007. On June 10, 2007, Appellant filed a notice of appeal and a motion for the issuance of a COA. On September 4, 2007, the district court denied the motion for a COA. This matter was first docketed in this Court on September 7, 2007.

5. On November 26, 2007, Appellant, through counsel, moved for a COA before this Court. The COA motion was 150 pages in length. The COA motion was



Appellate Case: 07-3071 Page: 3 Date Filed: 01/14/2009 Entry ID: 3507423

submitted to the panel on January 9, 2008. On October 27, 2008, the panel granted the COA in part, denied it in part, and remanded to the district court with instructions to hold an evidentiary hearing on several issues relating to trial and appellate counsels' alleged ineffective assistance of counsel. (A copy of the October 27 order is filed herewith as Attachment A.)

7. Present counsel put in a great deal of time and effort in attempting to present the numerous potential COA issues to this Court in an efficient but comprehensive manner. Counsel now seek *nunc pro tunc* appointment and compensation for his services.

For the reasons set forth above, an order should be entered appointing counsel, *nunc pro tunc* to September 7, 2007, and compensating counsel at the prevailing capital rates together with any additional relief the Court may deem just or proper.

Respectfully submitted,

/s/ Gary E. Brotherton
Legal Writes, LLC
2101 Chapel Plaza Court, Suite 13
Columbia, MO 65202-3381
(573)875-1571
(573)875-1572 (fax)
gebrotherton@legalwritesllc.com

/s/ David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000
(973)746-1490
davidruhnke@ruhnkeandbarrett.com

Co-counsel to Appellant, Keith Nelson

Filed electronically: St. Louis, Missouri

January 14, 2009

CERTIFICATE OF SERVICE

This will certify that, on today's date, January 14, 2009, Appellant's counsel served this motion and Attachment upon the United States by filing the documents via this Court's ECF system.

/s/ David A. Ruhnke
DAVID A. RUHNKE

**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

No: 07-3071

---

Keith D. Nelson,

Movant - Appellant

v.

United States,

Respondent - Appellee

---

Appeal from U.S. District Court for the Western District of Missouri - Springfield
(4:04-cv-08005-FJG)

---

**JUDGMENT**

This appeal from the United States District Court was submitted on the record of the district court and briefs of the parties.

After consideration, it is hereby ordered and adjudged that the judgment of the district court in this cause is affirmed in part, reversed in part, and remanded to the district court for proceedings consistent with the opinion of this court.

October 27, 2008

Order Entered in Accordance with Opinion:
Clerk, U.S. Court of Appeals, Eighth Circuit.

/s/ Michael E. Gans

# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

---

No. 07-3071

---

| | | |
|---|---|---|
| Keith D. Nelson, | * | |
| Appellant, | * | Appeal from the United States District Court for the Western District of Missouri. |
| v. | * | |
| United States of America, | * | [UNPUBLISHED] |
| Appellee. | * | |

---

Submitted: January 9, 2008
Filed: October 27, 2008

---

Before SMITH, BRIGHT, and HANSEN, Circuit Judges.

---

PER CURIAM.

This case pends upon the appellant's 150-page motion for a certificate of appealability.

Following his guilty plea to the kidnap and murder of a ten-year-old girl, a federal jury sentenced Keith D. Nelson to death. This sentence was affirmed on appeal, see United States v. Nelson, 347 F.3d 701 (8th Cir. 2003), and the Supreme Court denied certiorari review, Nelson v. United States, 543 U.S. 978 (2004).


Appellate Case: 07-3071 Page: 7 Date Filed: 01/14/2009 Entry ID: 3507423

Nelson then filed his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the district court. The district court determined that no evidentiary hearing was necessary and that the claims Nelson raised were able to be determined by the trial record, and the court dismissed both Nelson's § 2255 motion and his companion motion to disqualify the district judge. Nelson filed a motion pursuant to Federal Rule of Civil Procedure 59 to alter or amend the judgment entered on his § 2255 motion, which the district court denied. He then filed a notice of appeal and sought a certificate of appealability from the district court, seeking certification on each of the some 60 separate claims of ineffective assistance of his trial and appellate counsel asserted in his § 2255 motion, the denial of his recusal motion, and the separate denial of his motion for additional funding of expert and investigative services. The district court denied the certificate, and Nelson filed the pending motion for a certificate of appealability with this court.

We have carefully reviewed the pending motion and the district court's orders. We are satisfied that an evidentiary hearing should have been held on some of the Appellant's claims of ineffectiveness of counsel. Our cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record. See, e.g., Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992) (noting that remand for an evidentiary hearing is necessary where the record is inconclusive on a claim for ineffective assistance of counsel); United States v. Dubray, 727 F.2d 771, 772 (8th Cir. 1984) (noting in a direct appeal that ineffective assistance of counsel claims normally "cannot be advanced without the development of facts outside the original record" (internal marks omitted)). Under § 2255, a hearing "may be denied only if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" Saunders v. United States, 236 F.3d 950, 952 (8th Cir.) (quoting 28 U.S.C. § 2255), cert. denied, 533 U.S. 917 (2001). We review for an abuse of discretion the district court's decision to deny such a hearing, but this review requires *de novo* consideration of the validity of the ineffective assistance of counsel claims as a matter of law in

order to decide if an evidentiary hearing in the district court is warranted. Id. "In some cases, the clarity of the existing record on appeal makes an evidentiary hearing unnecessary," but "[a]bsent such clarity, an evidentiary hearing is required." Latorre v. United States, 193 F.3d 1035, 1038 (8th Cir. 1999). Our examination of the claims asserted in this case convinces us that a fair and just determination of some of them required an evidentiary hearing to be held. We note that the Government's response to the original § 2255 motion informed the district court that such a hearing was necessary.

Accordingly, we grant a certificate of appealability on the following claims asserted by Nelson in paragraph 11 of his § 2255 motion, and we remand the case to the district court with directions to hold an evidentiary hearing on these claims (as numbered in Nelson's § 2255 motion) and to make its findings of fact and conclusions of law concerning them:

A. Allegations of Trial Counsel's Constitutional Ineffectiveness:

(2) & (3) Failure to conduct adequate mitigation investigation including failure to move for a continuance to complete one.

(4) Failure to conduct adequate investigation of defendant's mental health.

(5) Advising or instructing defendant to decline to submit to a mental health examination by a government examiner.

(15) Failure to make objections:

(e) to allegedly inflammatory and improper comments in the Government's closing argument and rebuttal.

B. Allegations of Appellate Counsel's Constitutional Ineffectiveness:

(1) Failure to conduct adequate review of the trial record and the law.

(2)(c) Failure to raise on appeal the Government's allegedly improper comments in closing arguments.

We deny a certificate of appealability on each and all of the other claims asserted in Nelson's § 2255 motion, and only those claims upon which we have granted a certificate are permitted to proceed.

Nelson also appeals the denial of his motion to recuse the district judge. He need not obtain a certificate of appealability to appeal this ruling because it is separate from the merits of the § 2255 motion and did not preclude the district court from ruling on the merits. See Trevino v. Johnson, 168 F.3d 173, 177 (5th Cir.), cert. denied, 527 U.S. 1056 (1999); see also United States v. Falls, 242 F.3d 377 (8th Cir. 2000) (unpublished) (noting that this court summarily affirmed the denial of a recusal motion but denied the application for a certificate of appealability). Cf. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (describing the circumstances in which a certificate of appealability should issue for a nonconstitutional procedural issue when that procedural issue *precluded* the district court from reaching the merits of the underlying constitutional claims). We review for an abuse of discretion the district court's denial of a motion to recuse. United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006). Recusal is required if the judge has a personal bias against a party or in favor of an adverse party, 28 U.S.C. §§ 144, 455(b)(1), or if the judge's "impartiality might reasonably be questioned," id. § 455(a). Nelson sought recusal on the basis that the district court made statements in the order denying his request for additional funding for further expert and investigative assistance that indicated a bias against him. Specifically, he asserts that the district court prejudged his case by concluding that the additional funding requested was not likely to lead to a different result, and Nelson asserts that the district court's bias was shown when the court stated that Nelson's § 2255 counsel was "attempting to vilify trial counsel's judgment on trial strategy." (Request for Cert. of App. at 139.)

Nelson points to no evidence of bias other than the district court's statements in the ruling denying additional funding. Opinions formed by a judge as a result of what the judge has observed in earlier proceedings may not be characterized as bias

or prejudice. Liteky v. United States, 510 U.S. 540, 551 (1994). We have stated that "[r]ules against bias and partiality can never mean to require the total absence of preconception, predispositions and other mental habits." United States v. Burnette, 518 F.3d 942, 945 (8th Cir. 2008) (internal marks omitted), cert. denied, No. 07-11317, 2008 WL 2364260 (U.S. Oct. 6, 2008). The Supreme Court has stated succinctly that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. The limited exception is where the circumstances demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Such a high degree of favoritism or antagonism is not demonstrated in the statements set forth by Nelson, nor do they indicate that the district judge is unable to fairly adjudicate Nelson's § 2255 motion. The district court did not abuse its discretion in refusing to recuse on the basis of statements made in the order denying additional funding. Because on this record the relevant statutes do not require the district judge to recuse, Nelson also cannot meet the "more rigorous standard" of demonstrating a violation of his due process right to an impartial judge. United States v. Larsen, 427 F.3d 1091, 1095 (8th Cir. 2005).

Finally, Nelson argues that the district court abused its discretion in denying his request for additional funding above the $21,900 already approved by the district court for expert and investigational services. See 18 U.S.C. § 3599(f). Because we grant the certificate of appealability on several issues and remand for an evidentiary hearing, it is unnecessary for us to reach the funding issue at this time. The district court, in its abundant discretion, should address in the first instance any additional funding requests that may arise on remand with regard to the issues on which we grant a certificate of appealability, bearing in mind that Nelson bears the burden of establishing that further expert testimony is necessary. See id. (stating the district court *may* authorize expenditures for investigative or expert services that the court finds to be "reasonably necessary"); United States v. Thurmon, 413 F.3d 752, 755 (8th Cir.) (burden of proof), cert. denied, 546 U.S. 1069 (2005); see also 18 U.S.C. § 3599(g)(2) (imposing a statutory limit of $7,500 unless services are of "an unusual

character or duration, and the amount of the excess payment is approved by the chief judge of the circuit").

For the reasons stated, we grant the application for a certificate of appealability in part, affirm the district court's denial of the motion to recuse, and remand the case for an evidentiary hearing and the entry of a new judgment on the § 2255 claims on which we have granted the certificate.